UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JORGE ALEXIS LOPEZ PEREZ,    *
              *
  Petitioner,       *
              *
  v.          *
              *  Civil Action No. 1:26-cv-12242-IT
ANTONE MONIZ, Superintendent,  *
Plymouth County Correctional Facility, *
              *
  Respondent.     *
              *

MEMORANDUM & ORDER

July 10, 2026

TALWANI, D.J.

Pending before the court is Petitioner Jorge Alexis Lopez Perez's Petition for Writ of

Habeas Corpus [Doc. No. 1] and Emergency Motion for Temporary Restraining Order and

Preliminary Injunction [Doc. No. 3] ("Motion for TRO"), filed *pro se*, and Respondent's Motion

to Vacate Order Prohibiting Removal [Doc. No. 13]. For the reasons below, the Petition is

DENIED, the Motion for TRO is DENIED as moot, and Respondent's Motion is GRANTED.

I.  **Background**

Petitioner is a native and citizen of Guatemala. Pet. ECF 5 [Doc. No. 1]; Resp't's Resp.

to Pet. for Writ of Habeas Corpus Ex. 1, at 1 [Doc. No. 9-1] ("Superseding Notice to Appear").

On or about August 5, 2023, Petitioner entered the United States at the age of 17. Pet. ECF 5

[Doc. No. 1]; Superseding Notice to Appear 1 [Doc. No. 9-1]. Petitioner alleges that he crossed

the southern border alone as an unaccompanied child. Pet. ECF 5 [Doc. No. 1]. He alleges he

subsequently surrendered to United States Customs and Border Protection, was processed as a

minor, and was held in custody of the Office of Refugee Resettlement for approximately one

month before he was released to a sponsor, his aunt, in New York. Id.

On September 8, 2023, DHS issued Petitioner a new Notice to Appear, which listed Petitioner as residing at an address in Richmond Hill, New York. Superseding Notice to Appear 1 [Doc. No. 9-1].[1] The notice ordered Petitioner to appear before an immigration judge on October 24, 2023. Id. The certificate of service for the notice indicates that it was served by regular mail to Petitioner's purported New York address. Id. at 2.

On November 14, 2024, Petitioner was ordered removed *in absentia* by an immigration court. Pet. ECF 2 [Doc. No. 1]; Resp't's Resp. to Pet. for Writ of Habeas Corpus Ex. 2 [Doc. No. 9-2] ("Removal Order"). Petitioner explains he did not file an appeal at the time "because he was 19, indigent, and unrepresented at the time of the *in absentia* order[] and did not know how to file an appeal." Pet. ECF 4 [Doc. No. 1].

On May 12 or 13, 2026, Immigration and Customs Enforcement ("ICE") encountered Petitioner and took Petitioner into custody. Id. (asserting May 12, 2026 as date immigration custody commenced); Resp't's Resp. to Pet. for Writ of Habeas Corpus Ex. 3, ¶ 7 [Doc. No. 9-3] ("Sullivan Declaration") (stating that Petitioner was taken into custody "on or around May 13, 2026"). Petitioner asserts that on the day of his arrest he informed ICE officers that he was afraid to return to Guatemala. Pet. ECF 5 [Doc. No. 1]. Petitioner states that though he informed ICE officers of his fear of return, Respondent did not refer Petitioner to United States Citizenship and Immigration Services ("USCIS") for a reasonable fear interview. Id.

---

[1] Petitioner's Superseding Notice to Appear indicates that Petitioner's earlier Notice to Appear was issued on August 6, 2023. Superseding Notice to Appear 1 [Doc. No. 9-1]. Respondent has not provided the court with this earlier notice.

Respondent reports that after Petitioner was detained, ICE Enforcement and Removal Operations ("ERO") made arrangements to transfer Petitioner to the Jackson Parish Correctional Center in Jonesboro, Louisiana. Sullivan Decl. ¶ 10 [Doc. No. 9-3].

Petitioner alleges that on May 17 or 18, 2026, he filed a demand letter seeking a referral to USCIS for a reasonable fear interview and a stay of the anticipated transfer outside of Massachusetts, and giving notice of "Petitioner's continuing UAC asylum jurisdiction under 8 U.S.C. § 1158(b)(3)(C)" and of his "eligibility for Special Immigrant Juvenile Status under 8 U.S.C. § 110l(a)(27)(J) before his 21st birthday on September 14, 2026." Pet. ECF 3 [Doc. No. 1]. Petitioner asserts that ICE had not yet replied to the letter at the time he filed his Petition for Writ of Habeas Corpus [Doc. No. 1] on May 18. Id.[2]

Petitioner avers that he intends to file a Form I-589, Application for Asylum and for Withholding of Removal with USCIS, but that he had not yet done so as of May 21, 2026. Id. at 5–6; see Sullivan Decl. ¶ 14 [Doc. No. 9-3]. Likewise, as of May 21, 2026, there is no record indicating Petitioner had filed a Motion to Reopen the immigration court's *in absentia* removal order with the Executive Office for Immigration Review. Sullivan Decl. ¶ 14 [Doc. No. 9-3].

---

[2] On May 18, 2026, at approximately 7:51 a.m. EST, Respondent began Petitioner's transfer to Louisiana. Sullivan Decl. ¶ 11 [Doc. No. 9-3]. At 10:12 a.m., Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner's flight to Louisiana departed at approximately 11:26 a.m. Sullivan Decl. ¶ 13 [Doc. No. 9-3]. At 11:56 a.m., this court issued an Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 5], which required that Respondent notify the court no less than 72 hours before moving Petitioner out of the District of Massachusetts. Id. at 4. At approximately 2:59 p.m., the United States Attorney's Office for Massachusetts notified ICE that Petitioner had filed a habeas petition and that this court had issued its stay order. Sullivan Decl. ¶ 12 [Doc. No. 9-3]. Respondent does not contest that this court has jurisdiction over the petition and ICE has returned Petitioner to Massachusetts. Resp't's Resp. to Pet. for Writ of Habeas Corpus 4 [Doc. No. 9] ("Respondent's Response"); id. at 4 n.1.

On June 10, 2026, Respondent served a copy of its <u>Response</u> [Doc. No. 9] on Petitioner, <u>see</u> Reservice of Documents [Doc. No. 12], and on June 12, 2026, Respondent filed and served a <u>Motion to Vacate Order Prohibiting Removal</u> [Doc. No. 13]. To date, Petitioner has not replied to Respondent's motion or filed a reply to Respondent's response.

## II.    Discussion

Petitioner challenges his detention on the grounds that he is entitled to a reasonable fear interview under 8 C.F.R. § 208.31 and that Respondent has improperly declined "to refer Petitioner to U.S. Citizenship and Immigration Services for" such an interview. Pet. ECF 2–3 [Doc. No. 1]. Petitioner alleges that an organized criminal group in Guatemala "attacked his older brother with a knife and slashed his face; left explosive devices outside the family's home in Guatemala as warnings; and have told family members they will find and kill Petitioner if he returns." <u>Id.</u> at 5. Petitioner alleges that since May 12, 2026, he has communicated his fear of return to Respondent. <u>Id.</u> Respondent contends that while Petitioner may pursue other avenues to stay his removal, he is not entitled to a reasonable fear interview. Resp't's Resp. 8 [Doc. No. 9].

A noncitizen seeking a rescission of an *in absentia* removal order may file a motion to reopen his or her removal proceedings. 8 U.S.C. § 1229a(b)(5)(C). The filing of a motion to reopen "shall stay the removal of the alien pending disposition of the motion by the immigration judge." <u>Id.</u> There is no record that Petitioner has filed a motion to reopen the immigration court's *in absentia* order of removal.

Petitioner instead relies on 8 C.F.R. § 208.31 to argue that he is entitled to, and is being improperly denied, a reasonable fear interview. Pet. ECF 5 [Doc. No. 1]. But 8 C.F.R. § 208.31 governs reasonable fear interviews for noncitizens subject to expedited removal under Section 238(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1228(b), and for noncitizens "whose deportation, exclusion, or removal order is reinstated under section 241(a)(5)" of the

4

INA, 8 U.S.C. § 1231(a)(5). 8 C.F.R. § 208.31. Petitioner does not assert that ICE removed him and reinstated his removal order or that he otherwise falls under this provision.

Petitioner additionally challenges his detention as impeding his ability to apply for other forms of relief. Petitioner asserts that pursuant to 8 U.S.C. § 1158(b)(3)(C), USCIS has initial jurisdiction over an asylum application filed by a former unaccompanied alien child and that he intends to file a Form I-589 petition with USCIS. Pet. ECF 5–6 [Doc. No. 1]. He argues that his detention impedes his access to a right Congress has conferred on former unaccompanied alien children. Id. at 6. Similarly, Petitioner claims his current detention violates due process where he is eligible for Special Immigrant Juvenile Status, but detention denies him the opportunity to "obtain a predicate order of findings from a Massachusetts Probate and Family Court before he turns 21 on September 14, 2026." Id. at 6. Petitioner points to no authority that suggests that being eligible for other forms of immigration relief entitles a noncitizen to habeas relief. Accordingly, the court denies Petitioner's Petition [Doc. No. 1].

### III.    Conclusion

For the foregoing reasons, Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED. Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] is DENIED as moot. Respondent's Motion to Vacate Order Prohibiting Removal [Doc. No. 13] is GRANTED, and the court's Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 5] is lifted.

IT IS SO ORDERED.

July 10, 2026                                    /s/ Indira Talwani
                                                 United States District Judge